UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH H. NOVAK,

                            Plaintiff,

v.                                            Civil Action No. _____

FORSTER & GARBUS LLP and
MIDLAND FUNDING OF DELAWARE, LLC,

                            Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Joseph H. Novak is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Forster & Garbus LLP (hereinafter "Forster & Garbus") is a lawfirm organized as a limited liability partnership under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Midland Funding of Delaware LLC (hereinfter "Midland") is a limited liability company organized and existing under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendants regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendant.

10. That at all relevant times herein, Forster & Garbus acted as agent-in-fact for Midland, and acted within the scope of their agency.

### IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a credit card obligation to Citibank. This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Plaintiff defaulted on the subject debt.

14. That the subject debt was assigned to Midland after Plaintiff's default.

15. That Midland hired Forster & Garbus to attempt to collect the subject debt.

16. That Defendant Midland, in December of 2009, field a lawsuit in Erie County Supreme Court against the Plaintiff in an attempt to obtain a judgment for the alleged debt

17. That in August of 2010, Plaintiff filed a lawsuit against Defendant Forster & Garbus in the Western District of New York for alleged violations of the fair debt practices act in connection with the Defendant's collection efforts of an alleged debt.

18. That pursuant to the Plaintiff's federal lawsuit, a written settlement, executed by Joseph Novak and Defendant Forster & Garbus was reached whereby Defendant Midland agreed to discontinue the state court action against the Plaintiff.

19. That despite said agreement, Defendant Forster and Garbus never filed the stipulation dismissing the state court action against Joseph Novak. Instead, Defendant Forster and Garbus on behalf of their client, Defendant Midland, filed a summary judgment motion in or about April 2012 in an attempt to obtain a judgment for the same alleged subject debt referenced in the lawsuit they had previously agreed to dismiss with prejudice.

20. That upon notice of said motion, Plaintiff contacted Defendant F&G and reminded them that the matter was discontinued per the settlement in federal court.

21. Defendant F&G responded that they would look into it and inform the Plaintiff if he was correct.

22. Despite the executed settlement agreement and being notified by the Plaintiff, Defendant Midland through its attorneys, Defendant F&G, never filed a stipulation of discontinuance for the state court action and Defendant Midland proceeded with its summary judgment motion against the Joseph Novak.

23. That Plaintiff retained counsel to appear to oppose the motion and at the oral argument which took place on or about May 31, 2012, Defendant, after once again being made aware of the executed settlement agreement calling for the dismal of the state court action as well as being provided a file stamped copy of the stipulation of discontinuance, which was filed by Plaintiff's counsel earlier that day, refused to withdraw its motion.

24. That all of the acts complained of in this complaint occurred within twelve months of the date of this complaint.

25. That as a result of Defendants acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

26. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Forster & Garbus violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by pursuing the state court action in Erie County Supreme Court bearing index number14501-09 despite previously agreeing as a part of a signed settlement agreement to dismiss said state court action.

28. That Midland is vicariously liable for the acts of Forster & Garbus under the laws of agency.

29. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 6, 2012

          /s/ Seth J. Andrews_____
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       sandrews@kennethhiller.com